**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Zebadiah G. Kellogg-Roe

   v.                                          Civil No. 15-cv-116-PB

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Before this court are petitioner Zebadiah G. Kellogg-Roe's (first) motion to amend his petition for a writ of habeas corpus (Doc. No. 65), a notice regarding that motion (Doc. No. 74), and Kellogg-Roe's (second) motion to amend his petition (Doc. No. 75).

**Background**

The following claims have been identified as asserted in Kellogg-Roe's original § 2254 petition:

    1.   Kellogg-Roe's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel at trial, in that Kellogg-Roe's court-appointed defense counsel, Attorneys Anthony Sculimbrene and Don Topham, did not effectively communicate a five-year plea deal that had been offered to Kellogg-Roe.

    2.   Kellogg-Roe's conviction was obtained in violation of his Sixth Amendment right to counsel, in that the trial court did not allow Attorneys Sculimbrene and Topham to cross-examine the victim at trial.

    3.   Kellogg-Roe's Fourteenth Amendment right to due process was violated when he was denied access to the presentence investigation report ("PSI") before his sentence was imposed.

In the (first) motion to amend (Doc. No. 65), Kellogg-Roe seeks leave to drop Claim 3, regarding the PSI, and to add two new claims, identified below as Claims 4 and 5:

> 4. Kellogg-Roe's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel, in that Attorneys Sculimbrene and Topham did not cross-examine the victim at trial.
>
> 5. Kellogg-Roe's conviction was obtained in violation of his Sixth Amendment right to confront witnesses, in that the trial court did not allow, nor did it order, Attorneys Sculimbrene and Topham to cross-examine the victim at trial.

In Kellogg-Roe's (second) motion to amend (Doc. No. 75), Kellogg-Roe seeks leave to add two additional claims to the § 2254 petition (Claims 6 and 7 below), alleging violations of Kellogg-Roe's free speech rights and due process rights:

> 6. Kellogg-Roe's conviction was obtained in violation of the First Amendment right to free speech, and Fourteenth Amendment right to due process, in that the trial court deprived Kellogg-Roe of the right to insist that Kellogg-Roe's counsel at trial abide by Kellogg-Roe's preference for a "silent defense," and also ordered counsel to mount an adversarial defense, and did not allow counsel to "stand[] down."
>
> 7. Kellogg-Roe's conviction was obtained in violation of Kellogg-Roe's Fourteenth Amendment right to due process, when the trial court ordered Attorneys Sculimbrene and Topham to forego cross-examining the victim at trial.

## Discussion

### I. Claim 3

After being duly advised regarding the limitations on

claims raised in second or successive petitions under 28 U.S.C. § 2244(b), see March 10, 2017 Order (Doc. No. 73), Kellogg-Roe now states that he intends to forego Claim 3 as a ground for relief. See Doc. No. 74. Accordingly, the district judge should grant the motion to amend (Doc. No. 65), in part, to the extent that Claim 3 should be deemed foregone and dismissed from this action.

## II. **Claim 4**

Kellogg-Roe's (first) motion to amend (Doc. No. 65) seeks to add Claim 4 to this action. That claim appear facially valid, and Kellogg-Roe appears to have exhausted state remedies as to Claim 4, rendering it appropriate to add to the petition. As this case is presently stayed, however, respondent need not file any supplemental answer or motion in response to Claim 4 at this time. After that stay is lifted, the court may issue an appropriate order setting a deadline for respondent to file an answer to Claim 4 and any other new claim added to this case while the stay has been in effect.

## III. **Claims 5 and 6**

Kellogg-Roe's (first) motion to amend (Doc. No. 65) seeks to add Claim 5 to this action, and Kellogg-Roe's (second) motion to amend (Doc. No. 75) seeks leave to add Claim 6 to the petition. It is not clear to the court that state remedies as to Claims 5 and 6 have been exhausted. Accordingly, in an Order

issued this date, the court has directed Kellogg-Roe to either demonstrate exhaustion of Claims 5 and 6, or notify the court whether he intends to exhaust those remedies while the stay in this case remains in effect.

## III. Claim 7

Kellogg-Roe's (second) motion to amend (Doc. No. 75) also seeks leave to add Claim 7 to the petition. Claim 7 is essentially duplicative of Claims 2, 4, and 5, although it raises the same issue – the trial court's order forbidding Kellogg-Roe's counsel from cross-examining the victim – as a violation of Kellogg-Roe's right to due process, instead of his Sixth Amendment rights to counsel and to confront witnesses. Adding Claim 7 to the petition would not add any separately cognizable ground for relief under 28 U.S.C. § 2254. Cf. United States v. Lanier, 520 U.S. 259, 272 n.7 (1997) ("if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process" (citing Graham v. Connor, 490 U.S. 386 (1989)). Accordingly, the district judge should deny the (second) motion to amend (Doc. No. 75) to the extent it seeks leave to add Claim 7 here.

4

## Conclusion

For the foregoing reasons, the district judge should grant, in part, Kellogg-Roe's (first) motion to amend the petition (Doc. No. 65), allowing Claim 3 to be foregone, and adding Claim 4 as a ground for relief under 28 U.S.C. § 2254. In addition, the district judge should deny, in part, Kellogg-Roe's (second) motion to amend the petition (Doc. No. 75), to the extent it seeks to add Claim 7 to the petition. The remaining relief sought in those motions (Doc. Nos. 65 and 75) is the subject of the Order issued this date.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 10, 2017

cc: Zebadiah G. Kellogg-Roe, pro se
    Elizabeth C. Woodcock, Esq.